On respondent's statement of costs and disbursements filed November 4, and appellant's response filed December 11, 1996, and respondent's reply to appellant's response filed January 9, denied in part; otherwise allowed April 9, petition for review denied July 1, 1997 (325 Or 446)

## DOUGLAS L. SCHELIN,
*Appellant,*

*v.*

## Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(93-C-13010; CA A91130)

936 P2d 988

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Erika L. Hadlock, Assistant Attorney General, for respondent's statement of costs and disbursements and reply.

Steven H. Gorham for response.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

HASELTON, J.

## HASELTON, J.

The state, which prevailed in this appeal from the denial of post-conviction relief, ORS 138.510 *et seq*, petitioned to recover various costs, including a filing fee of $60, ORS 20.310(2); ORS 21.020(2); costs of printing respondent's brief, ORS 20.310(1); ORAP 13.05(6)(a); and a prevailing party fee of $100, ORS 20.190(1)(a). Petitioner objects, asserting that such costs are not recoverable in an appeal from the allowance or denial of post-conviction relief. We conclude that the state is not entitled to recover an appearance fee, but is entitled to recover the cost of printing its brief and a prevailing party fee.

■    The state's request for fees in this context appears to be unprecedented. As the state acknowledges, "the state historically has not considered it cost-effective to recover costs in many of the appeals to which the state is a party." However, the state has changed its practice in that regard because of its view that: (1) given the passage and implementation of 1994 Ballot Measure 17 (Article I, section 41, of the Oregon Constitution), which requires greater employment of inmates, petitioners in post-conviction cases "may have resources from which the state can recover court costs"; and (2) the anticipated fiscal impact of 1996 Ballot Measure 47 dictates that the state pursue the recovery of appellate costs, particularly including escalating printing costs, to defray its expenses. The merits of those perceptions and policies—merits that, not surprisingly, petitioner vehemently disputes—are immaterial to our consideration. Rather, the issue for present purposes is whether, or to what extent, pertinent statutes permit or preclude the state's request.

■    We first consider whether the state is entitled to recover an appearance fee. ORS 21.010(2) provides, in part:

"Filing and appearance fees shall not be assessed in appeals from * * * post-conviction relief proceedings under ORS 138.650[.]"

The statute's plain language is conclusive: Filing fees cannot be assessed in appeals from post-conviction relief proceedings. Although the state argues that ORS 20.140,[1] at least by

---

[1] ORS 20.140 provides, in part:

implication, qualifies ORS 21.010(2), we perceive nothing in the former statute that qualifies the much more specific directive of the latter. Moreover, given our conclusion that ORS 21.010(2) is unambiguous, we decline the state's invitation to delve into that statute's legislative history. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 611-12, 859 P2d 1143 (1993) ("If, but only if, the intent of the legislature is not clear from the text and context inquiry, the court will then move to the second level, which is to consider legislative history to inform the court's inquiry into legislative intent.").

■ We conclude, however, that the state is entitled to recover the cost of printing its respondent's brief and a prevailing party fee. Under ORS 20.310(1) and ORS 20.190-(1)(a), a prevailing party is generally entitled to recover those items. ORS 20.310(1) provides, in part:

> "In any appeal to the Court of Appeals * * *, the court shall allow costs and disbursements to the prevailing party, unless a statute provides that in the particular case costs and disbursements shall not be allowed to the prevailing party[.]"

ORS 20.310(2) describes allowable costs, including "the reasonable cost for * * * the printing, including the abstract of record, required by rule of the court[.]" *See also* ORAP 13.05(6)(a) (governing award of printing costs). ORS 20.190 provides, in part:

> "Except as [otherwise provided], a prevailing party in a civil action or proceeding who has a right to recover costs and disbursements in the following cases also has a right to recover, as a part of the costs and disbursements, the following additional amounts:
>
> "(a)   In the Supreme Court or Court of Appeals, on an appeal, $100."

---

"When the state * * * is a party in an action or proceeding in any court in this state, [it] is not required to pay in advance to a state or county officer any fee taxable as costs and disbursements in the action or proceeding. If [the state] is entitled to recover costs and disbursements in the action or proceeding, the amount of the fee not paid in advance shall be included in the statement of costs and disbursements claimed by [the state], shall be entered as part of the judgment and, if recovered by [the state], shall be paid by [the state] to the state or county officer entitled to receive the fee."

*See also* ORAP 13.05(6)(c) (governing award of prevailing party fees).

The state is the prevailing party here. Thus, unless some other provision controls, the state is entitled to recover those items.

■    Petitioner points to no particular statute that precludes recovery of printing costs or a prevailing party fee in post-conviction appeals.[2] However, as we understand his argument, petitioner asserts that, as a general matter, post-conviction cases are "criminal" in nature and that appellate costs are not recoverable in criminal proceedings. Whatever the arguable merits of petitioner's minor premise that appellate costs are not taxable in criminal matters, petitioner's argument rests on a false major premise: Except as specified by statute, *see* ORS 138.650, post-conviction proceedings are civil, not criminal, in character. *See Kumar v. Schiedler*, 128 Or App 572, 577, 876 P2d 808 (1994) (De Muniz, J., concurring) ("Post-conviction is a civil proceeding[.]").

■    Petitioner attempts to avoid the generally civil nature of post-conviction proceedings by invoking ORS 138.650, which provides that, in post-conviction proceedings,

"*[t]he manner of taking the appeal* and the scope of review by the Court of Appeals and the Supreme Court shall be the same as that provided by law for appeals in criminal actions, except that:

"(1)   The trial court may provide that the transcript contain only such evidence as may be material to the decision of the appeal; and

"(2)   With respect to ORS 138.081(1), if petitioner appeals, petitioner shall cause the notice of appeal to be served on the attorney for defendant, and, if defendant appeals, defendant shall cause the notice of appeal to be served on the attorney for petitioner or, if petitioner has no attorney of record, on petitioner." (Emphasis supplied.)

---

[2] For example, ORS 21.010(2) does not preclude such recovery because, by its terms, it applies only to appearance fees and, thus, does not bar recovery of printing costs or a prevailing party fee.

Petitioner argues that "the manner of taking the appeal" encompasses the taxation of appellate costs and disbursements. We disagree. As used in this context, as an appellate term of art, the "manner of taking the appeal" refers to the procedures for filing and prosecution of an appeal. *See, e.g.,* ORS 138.081.[3]

Petitioner has not identified, and we have not found, any statute that so qualifies ORS 20.190 and ORS 20.310(1) as to limit or bar the state's recovery of printing costs or a prevailing party fee in appeals in post-conviction proceedings. Accordingly, the state is entitled, in this appeal, to recover printing costs of $102.50 and a prevailing party fee of $100.

Statement of costs and disbursements denied with respect to appearance fee; otherwise allowed.

---

[3] ORS 138.081 provides:

"(1) An appeal shall be taken by causing a notice of appeal in the form prescribed by ORS 19.029 to be served:

"(a)(A) On the district attorney for the county in which the judgment is entered, when the defendant appeals, or if the appeal is under ORS 221.360 on the plaintiff's attorney; or

"(B) On the attorney of record for the defendant, or if the defendant has no attorney of record, on the defendant, when the state appeals; and

"(b) On the trial court reporter if a transcript is required in connection with the appeal; and

"(c) On the clerk of the trial court.

"(2)(a) The original of the notice shall be filed with the clerk of the court to which the appeal is made.

"(b) Proof of service of the notice of appeal shall be indorsed on or affixed to the original filed with the Court of Appeals."