On the court's own motion to dismiss appeal, appeal dismissed November 18, 1998

CRAIG FELKEL,
*Appellant,*

*v.*

S. Frank THOMPSON,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(97C-11669; CA A101875)

970 P2d 657

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

HASELTON, J.

## HASELTON, J.

■ In this post-conviction proceeding, petitioner filed an untimely appeal of a judgment denying post-conviction relief. In such circumstances, rather than immediately dismissing the appeal, we have historically followed a practice of issuing orders directing the petitioner to show cause why the appeal should not be dismissed as untimely filed. Those show cause orders have expressly referred to ORS 138.071(4), which provides a "show cause" exception to the 30-day time limit for filing appeals in *criminal* cases. Because our resort to and reliance on show cause orders, rather than outright dismissal, implicates our jurisdiction, we have, on our own motion, decided to reexamine that practice. For the reasons explained below, we repudiate that practice and, consequently, dismiss the appeal.

Our disposition rests on the appropriate relationship between two statutes, ORS 138.071(4) and ORS 138.650. ORS 138.071(4) provides that if a criminal defendant fails to file a notice of appeal within 30 days after the entry of the judgment:

"(4)(a) Upon motion of a defendant the Court of Appeals shall grant the defendant leave to file a notice of appeal * * * if:

"(A) The defendant, by clear and convincing evidence, shows that the failure to file a timely notice of appeal is not attributable to the defendant personally; and

"(B) The defendant shows a colorable claim of error in the proceeding from which the appeal is taken."[1]

ORS 138.650 governs appeals of post-conviction judgments:

---

[1] At least one other statute include. similar "escape hatch" provision. ORS 419A.200(4)(a), pertaining to appeals m final orders of the juvenile court, provides:

"Upon motion of a person * * * this section, if the person was not from which appeal is being taken, *leave to file a notice of appeal after the person shows a colorable claim appeal is taken."* tled to appeal under subsection (1) of esented by counsel in the proceeding *ppellate court shall grant the person me limits described* [in this section] *if ror in the proceeding from which the*

nphasis added.)

"Either the petitioner or the defendant may appeal to the Court of Appeals within 30 days after the entry of final judgment pursuant to ORS 138.510 to 138.680. The *manner of taking the appeal* and the scope of review by the Court of Appeals and the Supreme Court shall be the same as that provided by law for appeals in criminal actions, except that:

"(1)  The trial court may provide that the transcript contain only such evidence as may be material to the decision of the appeal; and

"(2)  With respect to ORS 138.081(1), if petitioner appeals, petitioner shall cause the notice of appeal to be served on the attorney for defendant, and, if defendant appeals, defendant shall cause the notice of appeal to be served on the attorney for petitioner or, if petitioner has no attorney of record, on petitioner."

(Emphasis added.) Our practice of issuing show cause orders referring to ORS 138.071(4) in the event of untimely appeals of post-conviction judgments was, thus, based on an assumption that "[t]he manner of taking the appeal" in ORS 138.650 included the "escape hatch" mechanism of ORS 138.071(4). The correctness of that assumption depends on the meaning of "[t]he manner of taking the appeal." In resolving that issue, we apply the statutory construction method prescribed in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

We begin our analysis by examining the text of ORS 138.650. That text draws an explicit and unambiguous distinction between the *time* for filing an appeal and the *manner* of taking an appeal. The first sentence describes the time limitation: a post-conviction appeal must be made within 30 days of the entry of judgment. The second sentence provides that the manner of taking the appeal "shall be the same" as that for criminal appeals, subject to specific exceptions pertaining to preparation of the record and service of the notice of appeal.[2] Thus, the text of ORS 138.650 indicates that *manner* and *time* are distinct concepts, and that the former does

---

[2] *See Schelin v. Maass*, 147 Or App 351, 356, 936 P2d 988, *rev den* 325 Or 446 (1997) ("As used in this context, as an appellate term of art, 'the manner of taking the appeal' refers to the procedures for filing and prosecution of an appeal. *See, e.g.*, ORS 138.081.").

not encompass the latter. Because the "escape hatch" provision of ORS 138.071(4) pertains to *time—i.e.*, it affords relief from the 30-day time limitation prescribed by ORS 138.071(1)—it does not concern the *manner* of taking the appeal.

Resort to context, particularly the statutes pertaining to criminal appeals, ORS 138.005 to ORS 138.510, confirms that construction. Like ORS 138.650, those statutes distinguish between the manner of taking an appeal, *i.e.*, the "procedures for filing and prosecution of an appeal," *Schelin v. Maass*, 147 Or App 351, 356, 936 P2d 988, *rev den* 325 Or 446 (1997), and the time for filing the appeal. Various provisions prescribe the form, service, and filing of the notice of appeal (ORS 138.081; ORS 138.110; ORS 138.120), the signatures required on the notice of appeal (ORS 138.090), the transmission of the record to the Court of Appeals (ORS 138.185), and the appointment of appellate counsel and provision of transcripts (ORS 138.500). Only ORS 138.071 pertains to the time for filing an appeal.

In addition, language in ORS 138.071 demonstrates that that statute applies only to criminal appeals and is not transferable to the post-conviction realm via ORS 138.650. ORS 138.071(4)(e) provides:

> "The denial of a motion under paragraph (a) of this subsection [the "escape hatch" provision] *shall be a bar to post-conviction relief* under ORS 138.510 to 138.680 on the same ground, unless the court provides otherwise."

(Emphasis added.) The emphasized language obviously could not refer to a post-conviction appeal. *Compare* ORS 138.071(4)(e) *with* ORS 138.500 (prescribing appointment of counsel and provision of transcript to both *criminal* "defendants" and *post-conviction* "petitioners"). ORS 138.071(4)(e) thus confirms that the legislature neither anticipated nor intended the application of ORS 138.071(4)'s "escape hatch" in the post-conviction context.[3]

---

[3] Because ORS 138.650's "manner of taking the appeal" language was enacted in 1959, Or Laws 1959, ch 636, § 18, 28 years before the enactment of ORS 138.071(4), Or Laws 1987, ch 852, § 1, the legislature, in enacting the former, could not have intended to encompass the latter. Moreover, the legislature also amended ORS 138.650 in 1987, Or Laws 1987, ch 852, § 3, and, at that time, could have

■        We conclude that ORS 138.650 requires, without exception, that appeals from post-conviction judgments be filed and served within 30 days of entry of the final judgment. Consequently, this appeal is untimely.

Appeal dismissed.

included a cross-reference or other indication that ORS 138.071(4) was intended to apply in appeals from post-conviction judgments. It did not do so.