Jerome POWELL, Petitioner,

v.

John LAMBERT, Respondent.

No. 01–35809.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 2003.

Submission Withdrawn March 5, 2003.

Resubmitted and Filed Feb. 10, 2004.

Suzanne Elliott, Seattle, WA, for the petitioner.

John Joseph Samson, Office of the Attorney General, Olympia, WA, for the respondent.

Before REINHARDT, W. FLETCHER and GOULD, Circuit Judges.

W. FLETCHER, Circuit Judge:

Jerome Powell appeals the district court's denial of his petition for habeas corpus brought under 28 U.S.C. § 2254. The district court held that it could not consider Powell's claims because they had not been exhausted in state court because of an "independent and adequate" procedural bar in that court. Powell contends on appeal that the state procedural bar is not adequate because it was not "clear, consistently applied, and well-established at the time of [his] purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir.1994).

Among other things, the State contends that we should look only to the published opinions of its courts to determine whether a state procedural rule is "clear, consistently applied, and well-established." We disagree. The Supreme Court has held that state courts must follow a "firmly established and regularly followed state *practice*" in order for an asserted procedural bar to be adequate. *Ford v. Georgia*, 498 U.S. 411, 423–24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991) (emphasis added; internal quotation and citation omitted). We understand the Court's use of the word "practice" to refer to the state courts' actual practice, not merely to the practice found in their published opinions. After examining both published and unpublished decisions of the Washington state courts, we conclude that the Washington courts did not have, in actual practice, a "clear, consistently applied, and well-established rule" at the time of Powell's purported default. We therefore hold that the asserted state court procedural bar is not adequate and that Powell has exhausted his federal claims in state court.

I. Background

Powell was convicted in 1982 of first degree murder and sentenced to life in prison with possibility of parole. He was paroled in 1997 and received a final discharge from parole in December 2000. He filed his petition for habeas corpus in federal district court in November 2000 while still in custody. *See generally Maleng v. Cook*, 490 U.S. 488, 491–92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (the custody requirement of § 2254 is met if the petitioner is in custody at the time the petition is filed).

Powell's conviction became final on direct appeal in January 1984. Powell filed two timely personal restraint petitions in Washington state court challenging the length of his sentence. These petitions were consolidated and denied on the merits by the Washington Court of Appeals, and then denied by the Washington Supreme Court.

Powell filed a third personal restraint petition in 1996, this time challenging his underlying conviction. The Washington Court of Appeals held that Powell had "good cause" for filing a third petition, thus avoiding the otherwise applicable bar to successive petitions under Washington law. The Court of Appeals also held that "the issues Powell raises fall under the

newly discovered evidence exception of RCW 10.73.100(1)," thus avoiding the otherwise applicable one-year statute of limitations for personal restraint petitions.

RCW 10.73.090(1), which specifies the one-year limitation period, provides:

No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

RCW 10.73.100, which specifies exceptions to the one-year limitation period, provides:

The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based *solely* on one or more of the following grounds:

(1) *Newly discovered evidence,* if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;

(2) The statute that the defendant was convicted of violating was unconstitutional . . . ;

(3) The conviction was barred by double jeopardy . . . ;

(4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;

(5) The sentence imposed was in excess of the court's jurisdiction; or

(6) There has been a significant change in the law. . . .

(Emphasis added.)

After deciding that the exception in RCW 10.73.100(1) for newly discovered evidence applied, the Court of Appeals decided all of Powell's claims on the merits, without specifying the claims to which the newly discovered evidence was or might be relevant. On the merits, the Court of Appeals initially denied all but two of Powell's claims. Then, after an evidentiary reference hearing in the Superior Court in which the newly discovered evidence was considered, the Court of Appeals denied the two remaining claims.

On March 17, 2000, the Commissioner of the Washington Supreme Court denied with prejudice Powell's motion for discretionary review of the Court of Appeals' decision. The Commissioner ruled that Powell's entire petition was time-barred because RCW 10.73.100 specifies that a petition is excepted from the one-year time limitation only if it is based "solely" on an exception contained in that section; if part of a petition is based on a time-barred claim that is not excepted by RCW 10.73.100, the petition is not based "solely" on such an exception and must be dismissed as time-barred. The Commissioner also wrote that even if the petition were not time-barred, it would have been properly denied on the merits. The Commissioner did not distinguish in his ruling between claims based on newly discovered evidence and claims not so based. He simply dismissed the entire petition as time-barred. On June 6, 2000, in a one-line order, the Chief Justice of the Washington Supreme Court denied Powell's motion to modify the Commissioner's ruling. Neither the Commissioner nor the Chief Justice disturbed the holding of the Court of Appeals that Powell had "good cause" for filing a successive petition.

On March 20, 2000, three days after the Commissioner's ruling, the Washington Supreme Court heard argument in *In re Stoudmire,* 141 Wash.2d 342, 5 P.3d 1240 (2000). On August 10, 2000, just over two months after the Chief Justice's denial of Powell's motion to modify, the Supreme Court issued its opinion in *Stoudmire,* holding that a "mixed petition," containing both time-barred claims under RCW 10.73.090 and excepted claims under RCW 10.73.100, must be dismissed without prejudice. Prior to its decision in *Stoudmire,* the Washington Supreme Court had never

held in a published opinion that a mixed petition must be dismissed.

After the Washington Supreme Court's denial of review in his case, Powell filed a petition for habeas corpus in federal district court under 28 U.S.C. § 2254, asserting federal claims that had been presented to the state courts in his third personal restraint petition. Powell's habeas petition was referred to a magistrate judge who recommended that the petition be denied on the ground that "[t]he Supreme Court of Washington ruled that [Powell's claims] were procedurally barred under § 10.73.090." The district court adopted the magistrate judge's Report and Recommendation without change.

Powell sought a Certificate of Appealability ("COA") from the district court based on the argument, made for first time, that the mixed petition rule applied in his case by the Commissioner and the Supreme Court was not an independent and adequate procedural bar because it was not well-established and consistently applied at the time he filed his third personal restraint petition. The district court specifically addressed that argument in denying the COA, ruling that "[p]etitioner has not shown that the state's one year time limit was not clearly announced or consistently applied as the Washington Supreme Court applied it to petitioner's case." We granted a COA on the issue of "whether the district court properly determined that the petitioner's request for federal habeas relief was barred on adequate and independent state grounds." The State does not argue that Powell raised the issue of inconsistent application of the state rule too late for us to consider that issue on appeal.

■ We review a district court's denial of a § 2254 petition de novo. *Benn v. Lambert,* 283 F.3d 1040, 1051 (9th Cir. 2002). The Washington state courts' interpretations of Washington law are binding on this court. *Oxborrow v. Eikenberry,* 877 F.2d 1395, 1399 (9th Cir.1989).

## II. Discussion

### A. General

■ State prisoners seeking a writ of habeas corpus from a federal court must first exhaust their remedies in state court. 28 U.S.C. § 2254(b); *Peterson v. Lampert,* 319 F.3d 1153, 1155 (9th Cir.2003) (en banc). A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts. *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). In presenting his claims to the state court, a petitioner must comply with state procedural rules. *McQuown v. McCartney,* 795 F.2d 807 (9th Cir.1986). If a petitioner has failed to present his claims to the state courts and, because of procedural default, is now barred from doing so, his claims are deemed unexhausted and therefore not cognizable on federal habeas. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Moreno v. Gonzalez,* 116 F.3d 409, 411 (9th Cir.1997).

■ If a state procedural bar is an adequate and independent ground for dismissal, habeas corpus is foreclosed in federal court unless the petitioner can show cause for the procedural default and resulting prejudice, or show that a failure to consider his claims would result in a fundamental miscarriage of justice. *Noltie v. Peterson,* 9 F.3d 802, 804–05 (9th Cir.1993). However, to constitute an adequate state ground, the procedural rule must be "clear, consistently applied, and well-established at the time of petitioner's purported default." *Wells,* 28 F.3d at 1010; *see also Poland v. Stewart,* 169 F.3d 573, 577 (9th Cir.1999) (state procedural rules must be " 'firmly established and regularly followed' at the time they were applied by the state court") (quoting *Ford v. Georgia,* 498 U.S. 411,

424, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991)); *Valerio v. Crawford*, 306 F.3d 742, 773 (9th Cir.2002) (en banc); *Wood v. Hall*, 130 F.3d 373, 376 (9th Cir.1997).

After the district court denied Powell's petition, we held in *Bennett v. Mueller*, 322 F.3d 573 (9th Cir.2003), that the state has the ultimate burden of proof that its procedural rule is adequate. As we explained:

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Id.* at 586. In its order denying the COA, the district court placed the burden of proving inconsistent application of the state procedural bar on Powell. In light of our subsequent decision in *Bennett*, it is clear that this burden was inappropriately placed. As will be seen from the discussion that follows, Powell has sufficiently demonstrated inconsistent application of the rule requiring dismissal of mixed petitions that the burden of proof is appropriately shifted to the State, and that the State has failed to carry its "ultimate burden."

### B. Washington State's Mixed Petition Rule

■ Many aspects of Washington's rule concerning time bars for personal restraint petitions are clear, consistently applied, and well-established. In 1989, the Washington legislature enacted RCW 10.73.090, establishing the one-year limitation, and RCW 10.73.100, establishing exceptions to that limitation. In 1993, the Washington Supreme Court upheld the constitutionality of the time-limit and its exceptions. *See*

*In re Runyan*, 121 Wash.2d 432, 853 P.2d 424, 432 (1993). In 1998, the Supreme Court held that the time limits established under RCW 10.73.090 and .100 were mandatory. *See, e.g., Shumway v. Payne*, 136 Wash.2d 383, 964 P.2d 349, 356 (1998). The Supreme Court has applied RCW 10.73.090 and .100 in numerous cases. *Matter of Well*, 133 Wash.2d 433, 946 P.2d 750, 754 (1997) (applying RCW 10.73.090 to a commitment order); *In re Turay*, 139 Wash.2d 379, 986 P.2d 790, 798 (1999) (using RCW 10.73.090 to prevent petitioner from attacking a prior rape conviction in a civil commitment proceeding).

In *Shumway v. Payne*, 223 F.3d 982 (9th Cir.2000), we considered the adequacy of Washington's one-year rule. We held that Shumway, the federal habeas petitioner, had not shown sufficient inconsistency in the application of RCW 10.73.090 to warrant our concluding that it was inadequate. *Id.* at 988–89. In *Shumway*, however, neither we nor the Washington Supreme Court considered the application of the exceptions contained in RCW 10.73.100 or the possibility of a mixed petition rule. *Id.* at 989 ("Shumway conceded to the Washington Supreme Court that none of the statutory exceptions to Section 10.73.090 applied to her case. We therefore review the adequacy of section 10.73.090 as a procedural bar without consideration of the exceptions to that rule that are listed in Wash. Rev.Code § 10.73.100.").

The Washington Supreme Court first announced the rule requiring dismissal of mixed petitions in *In re Stoudmire*, on August 7, 2000, four years after Powell filed his third personal restraint petition. In *Stoudmire*, the Washington Supreme Court held that a mixed petition—defined as a petition including both time-barred claims under RCW 10.73.090 and excepted claims under RCW 10.73.100—must be dis-

missed without prejudice. Focusing on the word "solely" in RCW 10.73.100, the court wrote:

> We adopt the view that the one-year time limit in RCW 10.73.090 does not apply to a petition or motion based on the grounds enumerated in RCW 10.73.100 as long as the petition or motion is based solely on those grounds and not additional ones.
>
> * * *
>
> [T]his court adopts the State's view that[the word] "solely" in RCW 10.73.100 requires that a petition or motion which would make use of this section cannot be based on any grounds other than one or more of the six grounds in RCW 10.73.100.

5 P.3d at 1242, 1244. Additional claims in the petition that are not excepted from the time-bar by RCW 10.73.100, but are excepted on some other basis, may be retained and decided on the merits. *Id.* at 1242, 1244, 1246–47. After dismissal of a mixed petition containing time-barred claims under RCW 10.73.090 and excepted claims under RCW 10.73.100, a petitioner may refile a dismissed claim in a subsequent petition so long as the claim is filed "solely" under an exception contained in RCW 10.73.100. *Id.* at 1242; *see also In re Stoudmire*, 145 Wash.2d 258, 36 P.3d 1005 (2002) (refiled petition).

The Supreme Court Commissioner applied a variant of the *Stoudmire* mixed petition rule to Powell's case. Unlike in *Stoudmire*, in which the Supreme Court dismissed the mixed petition *without prejudice*, the Supreme Court Commissioner in Powell's case dismissed the mixed petition *with prejudice*. The dismissal with prejudice included dismissal of claims based on newly discovered evidence, even though those claims were excepted from the one-year bar by RCW 10.73.100(1).

Powell has directed our attention to several cases in which Washington courts decided mixed petition cases on the merits, contrary to the rule announced and applied in *Stoudmire*. These cases are sufficient to shift the burden back to the state to show that its procedural rule was "clear, consistently applied, and well-established" at the time Powell filed his personal restraint petition in state court.[1]

Two prior published decisions of the Washington Supreme Court are in tension with *Stoudmire*. In *State v. King*, 130 Wash.2d 517, 925 P.2d 606 (1996), decided four years before *Stoudmire*, King had filed a personal restraint petition containing three claims. First, he claimed that the State Indeterminate Sentencing Board erred in its sentencing decision; second, he claimed that the trial court erred in refusing to allow him to withdraw his guilty plea; and third, he claimed that he was denied effective assistance of counsel at trial. The petition was filed more than one year after King's conviction had become final. The Washington Supreme Court denied King's second claim as time-barred under the one-year rule of RCW 10.73.090, and it denied his first and third claims on the merits. The court did not say why the two claims it addressed on the merits were not time-barred, and it gave no hint that a combination of time-barred and non-time-barred claims in a single petition might require dismissal of the entire petition.

In *In re Benn*, 134 Wash.2d 868, 952 P.2d 116 (1998), Benn had filed a timely personal restraint petition. The Washington Court of Appeals ordered a reference hearing by the Superior Court on three of

---

1. We asked for post-argument briefing to allow the State a full opportunity to bring to our attention earlier decisions, if any, in

which the mixed petition rule had been applied.

Benn's claims. After the reference hearing, Benn filed a supplemental brief in the Court of Appeals raising more claims and also moved to amend his petition to add more claims. The Washington Supreme Court noted that some of the new claims were time-barred under RCW 10.73.090, but that some of them might come within exceptions contained in RCW 10.73.100. It wrote:

> Except as to the three issues for which the hearing was ordered and any new grounds for relief which come within RCW 10.73.100, the claims raised in this supplemental brief are barred by the statute of limitations, RCW 10.73.090.

952 P.2d at 125 n. 3. The court's reference to "any new grounds for relief which come within RCW 10.73.100," indicates that it contemplated that one or more of Benn's claims might be timely only because of exceptions contained in RCW 10.73.100. Under *Stoudmire*, a petition containing claims that come within RCW 10.73.100, in addition to claims that are time-barred under RCW 10.73.090, is a mixed petition that must be dismissed in its entirety. But the potential presence of both types of claims did not trouble the Washington Supreme Court in *Benn*, and the court did not dismiss—or even suggest that it might dismiss—Benn's petition.

Prior unpublished decisions fall into two groups. First, there are two unpublished decisions by the Washington Court of Appeals in which the court entertained mixed petitions, containing both time-barred and timely claims. Unlike in *Stoudmire*, however, the timely claims in these two cases were excepted from the one-year time bar for a reason other than an exception contained in RCW 10.73.100. In *In re Bergseth*, 81 Wash.App. 1024, 1996 WL 195107 (1996), Bergseth filed an ineffective assistance of counsel claim that appears to have been time-barred under RCW 10.73.090, as well as an excessive sentence claim. Even though Bergseth's petition appears to have been filed outside the one-year time limit of RCW 10.73.090, the excessive sentence claim was nonetheless timely because Washington courts "have the duty and power to correct an erroneous sentence upon its discovery." *Id.* at *1. The court granted the excessive sentence claim and did not reach the ineffective assistance of counsel claim. In *In re Hall*, 101 Wash. App. 1064, 2000 WL 1051915 (Wash.Ct. App. July 31, 2000), Hall filed a petition like Bergseth's, containing a time-barred ineffective assistance of counsel claim and an excessive sentence claim. The court granted relief on the excessive sentence claim and held the ineffective assistance of counsel claim time-barred under RCW 10.73.090.

The mixed petitions in *Bergseth* and *Hall* were not the kind of mixed petition later dismissed in *Stoudmire*. *Stoudmire*'s mixed petition rule applies only to claims that are timely because they are specifically excepted from the one-year rule by RCW 10.73.100. The excessive sentence claims in *Bergseth* and *Hall* were not excepted by RCW 10.73.100, and therefore were not subject to *Stoudmire*'s mixed petition rule. In *Stoudmire* itself, the Supreme Court decided an excessive sentence claim after it dismissed claims excepted by RCW 10.73.100 under the mixed petition rule. As in *Bergseth*, the *Stoudmire* court wrote that Washington courts have an independent duty to decide excessive sentence claims, whenever they are raised: "This court may ... consider the merits of [Stoudmire's claim of excessive sentence] even though Stoudmire's petition was untimely. When a sentence has been imposed for which there is no authority in law, the trial court has the *power and duty to correct the erroneous sentence when the error is discovered.*" 5 P.3d at 1247 (emphasis in original; internal quotation marks and citations omitted). Thus, while *Bergseth* and *Hall* are not necessari-

ly inconsistent with the Washington Supreme Court's treatment of Powell's petition, they are consistent with a broad rule under which the presence of time-barred claims does not prevent a court from considering timely claims presented in the same petition.

Second, there are three unpublished decisions by the Court of Appeals that are flatly inconsistent with *Stoudmire*. In *In re Fletcher*, 87 Wash.App. 1048, 1997 WL 537895 (Wash.Ct.App. Sept.2, 1997), Fletcher filed a personal restraint petition asserting three claims. One of the claims was time-barred under RCW 10.73.090. The other two claims were timely because of exceptions contained in RCW 10.73.100. The Court of Appeals dismissed the one claim as time-barred, and denied the other two claims on the merits. If the Court of Appeals had applied the mixed petition rule subsequently announced in *Stoudmire*, it would have dismissed the entire petition without prejudice. The Court of Appeals, however, did not dismiss the petition in this manner, and it gave no hint as to the existence of a mixed petition rule.

In *State v. Lute*, 91 Wash.App. 1031, 1998 WL 329610 (Wash.Ct.App. June 22, 1998), Lute filed a personal restraint petition asserting numerous claims, all but one of which were time-barred under RCW 10.73.090. The one claim was timely because of an exception contained in RCW 10.73.100. The Court of Appeals denied the non-time-barred claim on the merits. It then rejected Lute's time-barred claims on the merits.

Finally, in *State v. Peninger*, 101 Wash. App. 1073, 2000 WL 1146854 (Wash.Ct. App. Aug.7, 2000), Peninger filed a personal restraint petition seeking a new trial outside the one-year period permitted under RCW 10.73.090. The trial court held that a new trial was warranted on either of two alternative claims—one based on previously undisclosed notes of a therapy counselor, and the other based on juror misconduct. The Court of Appeals affirmed the award of a new trial based on the previously undisclosed notes, explicitly holding that this claim was timely under the newly discovered evidence exception contained in RCW 10.73.100. The court then ruled that a new trial should not have been granted on the juror misconduct claim. The court did not discuss the timeliness of the juror misconduct claim and pointed to no applicable exception under RCW 10.73.100. *Peninger* thus appears to be a mixed petition case within the meaning of *Stoudmire*, containing one excepted claim under RCW 10.73.100 and one time-barred claim under RCW 10.73.090. Under *Stoudmire*, the Court of Appeals should have dismissed Peninger's petition in its entirety. Instead, it decided both claims on the merits. The Court of Appeals filed its decision in *Peninger* three days before the Supreme Court filed its decision in *Stoudmire*.

In *Fletcher*, the Court of Appeals decided the excepted claim under RCW 10.73.100 and declined to decide the claim that was time-barred under RCW 10.73.090. In *Lute* and *Peninger*, however, the Court of Appeals ruled on both the excepted claims under RCW 10.73.100 and the time-barred claims under RCW 10.73.090. In Powell's case itself, the Court of Appeals decided all the claims in his petition after finding an exception under RCW 10.73.100 for newly discovered evidence, without distinguishing between claims to which the newly discovered evidence was relevant and claims to which it was not. Thus, as seen in *Lute*, *Peninger*, and Powell's case itself, the Washington Court of Appeals during this period was willing to decide claims that were time-barred under RCW 10.73.090 if there was at least one claim in the same petition that was excepted under RCW 10.73.100. The Washington Supreme Court's decisions in

*King* and *Benn* are not necessarily inconsistent with *Stoudmire,* and the court did not overrule those cases when it decided *Stoudmire.* However, we think it fair to say that *King* and *Benn* give no warning of the mixed petition rule later announced in *Stoudmire.* The Court of Appeals' unpublished decisions in *Bergseth* and *Hall* are also not inconsistent with *Stoudmire,* for the kind of mixed petition at issue in *Bergseth* and *Hall* was specifically excepted from the mixed petition rule announced in *Stoudmire.* Nonetheless, we regard *Bergseth* and *Hall* as supporting a general inference in the pre-*Stoudmire* period that mixed petitions were permitted. Finally, the Court of Appeals' unpublished decisions in *Fletcher, Lute* and *Peninger* are flatly inconsistent with the mixed petition rule announced in *Stoudmire.*

■ The State contends that we should not consider unpublished decisions of the Washington courts. It argues that because unpublished decisions have no precedential value and cannot be cited to the Washington state courts, we should ignore them in this case. We are sympathetic to a court's decision to employ unpublished decisions for routine cases and to forbid the citation of such decisions as precedent.[2] But we are also bound by Supreme Court case law, as well as considerations of fairness, to determine the actual practice of state courts in enforcing their procedural bars. The Supreme Court has stated that only a "firmly established and regularly followed state *practice* may be interposed by a State to prevent subsequent review by [a federal court] of a federal constitutional claim." *Ford,* 498 U.S. at 423–24, 111 S.Ct. 850 (emphasis added; internal quotation and citation omitted). In other words, it is the actual practice of the state courts, not merely the precedents contained in their published opinions, that determine the adequacy of procedural bars preventing the assertion of federal rights. *See also Valerio v. Crawford,* 306 F.3d 742, 776 (9th Cir.2002) (en banc) (examining "both published opinions and unpublished orders" in determining the adequacy of a state procedural rule).

Unpublished decisions are not irrelevant to a determination of a court's actual practice. Indeed, to the extent that decisions of the state courts are unpublished because they involve only routine application of state court rules, unpublished decisions are a particularly useful means of determining actual practice. Not only do the Court of Appeals' unpublished decisions in *Fletcher, Lute* and *Peninger* allow mixed petitions, they also indicate that Washington courts in the pre-*Stoudmire* period interpreted their existing precedent, including *King* and *Benn,* as not containing any rule against mixed petitions.

Powell filed his personal restraint petition in 1996. We are required to deter-

---

2. See Ninth Circuit Rule 36–3(a) and (b):
   (a) *Not Precedent:* Unpublished dispositions and orders of this Court are not binding precedent, except where relevant under the doctrine of law of the case, res judicata, and collateral estoppel.
   (b) *Citation:* Unpublished dispositions and order[s] of this Court may not be cited to or by the courts of this circuit, except in the following circumstances.
   (i) They may be cited to this Court or to or by any other court in this circuit when relevant under the doctrine of law of the case, res judicata, or collateral estoppel.
   (ii) They may be cited to this Court or by any other courts in this circuit for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case.
   (iii) They may be cited to this Court in a request to publish a disposition or order made pursuant to Circuit Rule 36–4, or in a petition for panel rehearing or rehearing en banc, in order to demonstrate the existence of a conflict among opinions, dispositions, or orders.

mine whether the asserted state procedural bar is "clear, consistently applied, and well-established *at the time of petitioner's purported default." Wells,* 28 F.3d at 1010 (emphasis added). *King* and *Benn* were decided in 1996 and 1998, respectively. *Bergseth* and *Hall* were decided in 1996 and 2000. Finally, *Fletcher, Lute,* and *Peninger* were decided in 1997, 1998, and 2000. These cases are more than sufficient to shift the burden to the State under *Bennett.* The State has not pointed us to *any* case in which the state courts applied the rule barring mixed petitions before Powell's case.

The first time any mixed petition was dismissed by the Washington courts was when Powell's case was dismissed by the Washington Supreme Court Commissioner. The Commissioner ruled that the entire petition should be dismissed with prejudice, including not only the time-barred but also the excepted claims. The Chief Justice, in a one-line order, affirmed the decision of the Commissioner. *Stoudmire* was decided about two months after the action of the Chief Justice in Powell's case. *Stoudmire* announced and applied, for the first time, a mixed petition rule that required the dismissal of a mixed petition without prejudice.

The decisions in Powell's case and in *Stoudmire* are themselves inconsistent, in that Powell's petition was dismissed with prejudice and Stoudmire's was dismissed without prejudice. The decisions by the Washington Supreme. Court in Powell's case and in *Stoudmire* are also inconsistent with the earlier decisions of the Court of Appeals in *Fletcher, Lute,* and *Peninger* in which the Court of Appeals did not dismiss mixed petitions. Indeed, in *Fletcher* and *Lute,* as in Powell's case itself, the Court of Appeals decided on the merits not only the claims excepted under RCW 10.73.100, but also the time-barred claims. Under these circumstances, we hold that the rule applied by the Supreme Court in Powell's case was not adequate to serve as a procedural bar to the assertion of his federal rights. This is true for both the excepted claims under RCW 10.73.100 and the time-barred claims under RCW 10.73.090. Therefore, to the extent that Powell's federal claims were contained in his state personal restraint petition filed in 1996, Powell has exhausted his state remedies.

We REVERSE and REMAND to allow the district court to consider the merits of the exhausted claims in Powell's federal petition for habeas corpus.