Submitted on record and briefs October 7, 2003, affirmed February 25, 2004

AMOS LEE McLEMORE,
*Appellant,*

*v.*

Robert SCHIEDLER,
Superintendent,
Two Rivers Correctional Institution,
*Respondent.*

CV01-0364; A116957

85 P3d 344

James N. Varner filed the brief for petitioner.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder, Judge, and Crowley, Judge pro tempore.

CROWLEY, J. pro tempore.

## CROWLEY, J. pro tempore

Petitioner filed a petition for post-conviction relief in the Umatilla County Circuit Court. The post-conviction court denied the petition and, pursuant to ORS 20.190(1), awarded the state an $85 prevailing party fee. Petitioner appeals from the award of that fee, contending that the post-conviction court erred in failing to apply ORS 151.505(4). For the reasons set forth below, we affirm.

In cases in which counsel is court appointed, ORS 151.505(1) authorizes the trial or appellate court to order that the represented person "repay in full or in part the administrative costs of determining the eligibility of the person for appointed counsel and the costs of the legal and other services that are related to the provision of appointed counsel." Under ORS 151.505(4), before ordering the represented person to pay costs, the court must find that "the person is or may be able to pay the costs."

Petitioner asserts that prevailing party fees assessed pursuant to ORS 20.190 in cases such as this one are subject to the limitations set forth in ORS 151.505(4). Petitioner's reliance on ORS 151.505(4) is misplaced. The order at issue requires petitioner to pay a prevailing party fee, not the cost of court-appointed counsel or costs related to the appointment of counsel.

When judgment is given after trial of an issue of law or fact," ORS 20.190(1)(b)(B) allows the trial court to award an $85 prevailing party fee in civil cases, subject to various exceptions not applicable here. See ORS 20.190(6). "Except as specified by statute, see ORS 138.650, post-conviction proceedings are civil, not criminal, in character." *Schelin v. Maass,* 147 Or App 351, 355, 936 P2d 988, *rev den,* 325 Or 446 (1997). In *Schelin,* we held that, for the purpose of assessing a prevailing party fee on appeal, nothing in ORS 138.650 changes the generally civil nature of post-conviction cases. *Id.* at 356. Similarly, for the purpose of assessing a prevailing party fee at the trial court level, nothing in ORS 138.650 changes the generally civil nature of a post-conviction proceeding.

Moreover, under ORS 20.190, the party entitled to recover a "prevailing party fee" is the "prevailing party." By contrast, "costs" that may be assessed "related to the provision of appointed counsel" under ORS 151.505 are paid to the state's "General Fund and credited to the Criminal Fine and Assessment Account." ORS 151.505(6); *see also* ORS 151.465(3) (limiting use of funds received pursuant to ORS 151.505 "to reimburse[ment of] the actual costs and expenses, including personnel expenses, incurred in administration and support of the indigent defense program"). In light of the different recipients of the funds at issue in ORS 20.190 and ORS 151.505, there is no basis for us to conclude that the legislature intended the "costs" referred to in the latter statute to include "prevailing party fees" assessed pursuant to ORS 20.190.

Petitioner has not identified, nor have we found, any statute or other legal authority that requires the trial court in a civil case to consider a party's ability to pay in imposing a prevailing party fee pursuant to ORS 20.190.

Affirmed.