**Thomas LUNDQUIST, Petitioner—Appellant,**

v.

**Pam SONNEN, Respondent—Appellee.**

No. 03–35492.

D.C. No. CV–01–00476–MHW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 1, 2004.

Decided May 3, 2004.

Dennis Benjamin, Nevin, Herzfeld, Benjamin & McKay, Boise, ID, for Petitioner–Appellant.

L. LaMont Anderson, Office of Attorney General, Boise, ID, for Respondent–Appellee.

Before CANBY, WARDLAW, and GOULD, Circuit Judges.

## MEMORANDUM *

Thomas Lundquist appeals the district court's denial of his petition for habeas corpus. We review the denial of a habeas petition de novo. *See Powell v. Lambert,* 357 F.3d 871, 874 (9th Cir.2004).

Contrary to the State's argument, Lundquist does not seek the benefit of a new rule of law in violation of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). It was clearly established by the Supreme Court at the time Lundquist's conviction became final that jury instructions may not be so infirm as to rob the defendant of the right to have every element of the charged crime proved beyond a reasonable doubt. *See Francis v. Franklin,* 471 U.S. 307, 313–14, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana,* 442 U.S. 510, 521, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). It was further clearly established that verdict forms are part of the overall charge given to the jury. *See Mills v. Maryland,* 486 U.S. 367, 375–76, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988). *Teague* therefore does not bar Lundquist's claim.

Lundquist is not entitled to habeas relief, however. The decision of the Supreme Court of Idaho that Lundquist's constitutional rights were not violated was neither "contrary to, [nor] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," nor was it "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. §§ 2254(d)(1), (d)(2) (2003). Jury instructions are not to be judged in "artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). The Supreme Court of Idaho viewed the "overall charge" to the jury—the allegedly deficient verdict form and the jury instructions, which Lundquist conceded were proper—and found that, viewed as a whole, the charge properly informed the jury of the elements of felony-murder. This ruling was supported by the record and was not inconsistent with Supreme Court precedent. The critical question is "not whether the trial court failed to isolate and cure a particular ailing instruction, but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.,* 414 U.S. at 147; *see also Francis,* 471 U.S. at 315 ("Other instructions might explain the particular infirm language to the extent that a reasonable juror could not have considered the charge to have created an unconstitutional presumption."). The fact that Lundquist's verdict form did not list all of the elements for felony-murder, when taken together with the other instructions properly defining felony murder, did not so infect the entire trial that the resulting conviction violated due process. Lundquist's habeas petition was therefore properly denied.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.