Mariet T. **FORD,** Petitioner—Appellant,

v.

Cheryl **PLILER,** Warden;  et al., Respondents—Appellees.

No. 02–16911.

D.C. No. CV–01–00840–LKK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2004.

Decided May 14, 2004.

Mariet T. Ford, CSPSOL—California State Prison (Solano), Vacaville, CA, Lindsay Anne Weston, Esq., Davis, CA, for Petitioner–Appellant.

Justain P. Riley, DAG, AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondents–Appellees.

Before B. FLETCHER, TROTT, and FISHER, Circuit Judges.

## MEMORANDUM *

Mariet Ford ("Ford"), a California state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus. Ford was convicted of three counts of second-degree murder and one count of arson in the deaths of his pregnant wife, their three-year-old son, and their unborn son. Shortly after he was convicted, Ford learned of evidence tending to exculpate him and moved the state trial court for a new trial. The trial court denied Ford's motion and sentenced him to a term of 45–years–to–life. The state appellate courts affirmed the trial court's decision. Ford then filed a federal habeas petition claiming, among other things, that the denial of the motion for a new trial violated his due process rights. The district court rejected Ford's claims and he filed this timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review the district court's decision to deny a habeas petition de novo. *See Powell v. Lambert,* 357 F.3d 871, 874 (9th Cir.2004). Because Ford's petition was filed after April 24, 1996, it is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. *See Koerner v. Grigas,* 328 F.3d 1039, 1044 (9th Cir.2003). Under AEDPA, a federal court cannot grant habeas relief unless the state court's adjudication of a petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Ford argues that the California courts deprived him of his right to present evidence that would have raised a reasonable doubt about his guilt, but he has not identified any Supreme Court precedent that required the state trial court to grant him a new trial under the circumstances of this case. Moreover, to the extent that Ford's claim could be viewed as one of actual innocence, the newly-discovered evidence he presented to the state courts was not so compelling as might warrant habeas relief. *Cf. Herrera v. Collins,* 506 U.S. 390, 417, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (assuming, in a capital case, that a "truly persuasive demonstration of 'actual innocence'" would render the defendant's execution unconstitutional and warrant habeas relief).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.