Miles Irven MCLEOD, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–70694.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 2008.

Filed July 10, 2008.

Nicole Hope Nelson, Philip James Smith, Nelson Smith, LLP., Portland, OR, for Petitioner.

Jennifer L. Lightbody, OIL, Kohsei Ugumori, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel, Office of the District Counsel Department of Homeland Security, Seattle, WA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON and REINHARDT, Circuit Judges, and MARSHALL *, District Judge.

### MEMORANDUM **

Petitioner, Miles Irven McLeod, seeks review of the Board of Immigration Appeals' ("BIA") decision finding that his 2001 conviction for unlawful manufacture of a controlled substance renders him removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). McLeod argues that the BIA erred in finding that he has a "conviction" for immigration purposes because the 2001 judgment was vacated in post-conviction relief proceedings. The government contends that the state's appeal of post-conviction relief automatically stayed the effect of the judgment vacating McLeod's conviction. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.

A conviction must "attain[ ] ... finality [in order] to support an order of [removal]...." *Pino v. Landon,* 349 U.S. 901, 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955). *See also Grageda v. INS,* 12 F.3d 919, 921 (9th Cir.1993). McLeod's conviction has not attained the requisite finality because, as a matter of Oregon law, the judgment vacating McLeod's conviction took immediate effect when it was issued. In Oregon, post-conviction relief proceedings are generally "civil, not criminal, in character." *Schelin v. Maass,* 147 Or.App. 351, 936 P.2d 988, 990 (1997). As a result, the state rules of civil procedure govern the effect of an appeal on a judgment entered in a post-conviction relief proceeding "[u]nless otherwise provided for in the Post–Conviction Hearing Act." *Hoffer v. State,* 136 Or. App. 375, 902 P.2d 127, 128 (1995).[1] Those

---

* The Honorable Consuelo Marshall, U.S. District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The government argues that the relevant provision of the Post–Conviction Hearing Act in effect at the time that McLeod was granted relief did provide that, as in criminal cases, an appeal taken by the state in post-conviction relief proceedings automatically stays the effect of the judgment vacating the conviction.

That provision states, *inter alia,* that "[t]he *manner of taking the appeal* ... shall be the same as that provided by law for appeals in criminal actions...." Or.Rev.Stat. § 138.650 (2003) (emphasis added). "The manner of taking the appeal," the government contends, encompasses the statute providing that a criminal "appeal taken by the state stays the effect of the judgment or order in favor of the defendant...." Or.Rev.Stat. § 138.160. The BIA agreed.

We owe no deference to the BIA's interpretation of the Oregon statutes at issue, *see Garcia–Lopez v. Ashcroft,* 334 F.3d 840, 843

**564**

rules provide that the judgment in a civil case is effective upon entry unless the court grants a discretionary stay. *See* OR. R. CIV. P. 70 B(2)[2]; OR. R. CIV. P. 72(A). *See also* Or.Rev.Stat. § 19.330 (providing that "[t]he filing of a notice of appeal does not automatically stay the judgment that is the subject of the appeal"). The state never sought such a stay from the court in this case. Therefore, regardless of the state's appeal, McLeod's conviction was vacated and cannot serve as the basis for his removal. *See In re Adamiak*, 23 I. & N. Dec. 878, 879 (BIA 2006) (holding that a conviction "vacated as a result of a defect in the underlying proceedings ... should no longer be considered a conviction for immigration purposes").[3]

For the reasons set forth above, McLeod's petition for review is GRANTED and his removal order is hereby VACATED. *See Lujan–Armendariz v. INS*, 222 F.3d 728, 749–50 (9th Cir.2000).[4]

**GRANTED.**

---

(9th Cir.2003), and our own review of the state's law leads us to the contrary result. Oregon courts have narrowly interpreted "the manner of taking the appeal" language in section 138.650. *See, e.g., Schelin*, 936 P.2d at 990 (holding that "the manner of taking the appeal" does not extend to the "taxation of appellate costs and disbursements"); *Felkel v. Thompson*, 157 Or.App. 218, 970 P.2d 657, 658 (1998) (holding that "the manner of taking the appeal" does not encompass the time in which an appeal may be taken). Section 138.160 relates to the *effect* of taking an appeal, not to the *manner* in which it is taken. Accordingly, we reject the government's (and the BIA's) view that, under the Post–Conviction Hearing Act, the judgment granting McLeod post-conviction relief was automatically stayed when the state appealed the decision.

**2.** Oregon Rule of Civil Procedure 70 B(2) was repealed, effective January 1, 2004. *See Ryerse v. Haddock*, 337 Or. 273, 280 n. 7, 95 P.3d 1120 (2004). The rule was applicable, however, at the time that McLeod was granted post-conviction relief in 2003.

**3.** Because we hold that McLeod's vacated conviction may not serve as a basis for his removal, we do not reach the parties' arguments with respect to collateral estoppel.

**4.** The state's appeal of post-conviction relief remains pending before the Oregon courts. We offer no view as to how the government may (or may not) proceed should the state succeed in its appeal.

