

FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VINCENT WAYNE PADGETT,

  Petitioner – Appellant,

  v.

JEAN HILL,

  Respondent – Appellee.

)
)
)
)
)
)
)
)
)
)
)

No. 08-35453

D.C. No. 3:05-CV-01707-PA

**MEMORANDUM**[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted June 8, 2010[**]
Portland, Oregon

Before:   FERNANDEZ, McKEOWN, and PAEZ, Circuit Judges.

  Vincent Wayne Padgett appeals the district court's denial of his petition for

habeas corpus relief. 28 U.S.C. § 2254. We affirm.

---

  [*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

Padgett asserts that the district court erred when it decided that his failure to timely file his appeal from denial of post conviction relief in the Oregon Court of Appeals constituted a procedural default which barred federal habeas corpus relief. We disagree. In fact, due to an error on Padgett's part, his Notice of Appeal was sent to the wrong court and, as a result, was filed with the Oregon Court of Appeals more than thirty days after entry of judgment in the Oregon Circuit Court. That violated the appeal time limit set by Oregon;[1] that limit is applied "<u>without exception</u>"[2] and is both independent and adequate;[3] it is "'well established and consistently applied.'"[4] Nor can it be said that this is one of those rare cases where application of the Oregon law was exorbitant and, therefore, inadequate as applied. See <u>Lee v. Kemna</u>, 534 U.S. 362, 376, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). It does not present a situation where application of the law was peculiar and unexpected, or one over which Padgett had no control or responsibility. <u>See id.</u> at 387, 122 S. Ct. at 891. Padgett simply did not file in the proper court at the right time. Finally, Padgett has not spelled out cause and prejudice or a

[1] Or. Rev. Stat. § 138.650 (2005).

[2] <u>Miller v. Baldwin</u>, 32 P.3d 234, 236 (Or. Ct. App. 2001); <u>see also</u> <u>Felkel v. Thompson</u>, 970 P.2d 657, 659 (Or. Ct. App. 1998).

[3] <u>Townsend v. Knowles</u>, 562 F.3d 1200, 1206 (9th Cir. 2009).

[4] <u>Id.</u> at 1207.

miscarriage of justice.  See Powell v. Lambert, 357 F.3d 871, 874 (9th Cir. 2004);

see also McCleskey v. Zant, 499 U.S. 467, 494–95, 111 S. Ct. 1454, 1470, 113 L.

Ed. 2d 517 (1991).

AFFIRMED.