On petitioner's petition for reconsideration of Appellate Commissioner's order dismissing petitioner's cross-appeal as untimely filed August 23, 2016; petition for reconsideration allowed, order of dismissal adhered to February 8; petition for review allowed June 29, 2017 (361 Or 645)

JUSTIN THERON BEHRLE,
*Petitioner-Respondent,*

*v.*

Jeri TAYLOR,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Appellant.*

Umatilla County Circuit Court
CV141618; A161724

389 P3d 419

Jason Weber and O'Connor Weber LLC, for petition.

Before Egan, Presiding Judge, and Shorr, Judge.

**EGAN, P. J.**

Petitioner seeks reconsideration of the Appellate Commissioner's order dismissing petitioner's cross-appeal as untimely. The issue is whether a party to a post-conviction case may file a notice of cross-appeal after expiration of the 30-day appeal period described in ORS 138.650 but within the additional 10-day period provided in ORS 138.071(3). We conclude that ORS 138.071(3) is not applicable to post-conviction appeals and adhere to the order of dismissal.

The material facts are procedural and undisputed. The post-conviction court entered a judgment granting relief on some, but not all, of petitioner's grounds for post-conviction relief on February 16, 2016. Defendant, superintendent of the correctional institution in which petitioner is confined (the state), filed a notice of appeal from the judgment on March 16, 2016, which was 29 days after entry of the judgment. On March 23, 2016, within 10 days after the expiration of the 30-day appeal period, petitioner filed a notice of cross-appeal.

The state moved to dismiss the cross-appeal as untimely, and the Appellate Commissioner granted that motion. Petitioner now seeks reconsideration of the order of dismissal.

ORS 138.071(3), applicable to criminal appeals, provides:

"A defendant cross-appealing must serve and file the notice of cross-appeal within 10 days of the expiration of the time allowed in subsection (1) of this section."

ORS 138.650(1), applicable to post-conviction appeals, provides, in part:

"(1) Either the petitioner or the defendant may appeal to the Court of Appeals within 30 days after the entry of a judgment on a petition pursuant to ORS 138.510 to 138.680. *The manner of taking the appeal and the scope of review by the Court of Appeals and the Supreme Court shall be the same as that provided by law for appeals in criminal actions*[.]"

(Emphasis added.)[1]

In *Felkel v. Thompson*, 157 Or App 218, 970 P2d 657 (1998), we considered what ORS 138.650(1) means when it says that the "manner of taking the appeal" in a post-conviction proceeding shall be the same as in criminal actions. We explained that the text of ORS 138.650 draws a distinction between the "time" for filing an appeal and the "manner of taking the appeal"; *i.e.*, the procedures for filing and prosecution of an appeal. *Felkel*, 157 Or App at 221-22. We held in *Felkel* that the time to file a post-conviction notice of appeal is governed solely by ORS 138.650(1), and that the filing deadlines in ORS 138.071 do not apply to post-conviction cases. *Id.* at 221-23.

ORS 138.650(1) provides that either party may file a notice of appeal within 30 days of entry of the judgment.[2] ORS 138.650(1) does not grant either party an additional 10 days after the 30-day period has expired to file a notice of cross-appeal.

Petitioner argues that the provisions of ORS 138.071(3) or those in ORS 19.255(3) (granting a party in a civil case 10 additional days to file a notice of cross-appeal after the expiration of the 30-day appeal period) apply to post-conviction appeals. However, respecting time limits, ORS 138.650(1) is self-contained and, therefore, neither ORS 138.071 nor ORS 19.255 applies. As we explained in *Felkel*, although post-conviction appeals proceed in the "manner"

---

[1] ORS 138.650(1)(b) recognizes that, although the "manner" of taking an appeal in a post-conviction action is the same as in a criminal action, the roles of the parties switch. That is, in criminal cases, the state is the plaintiff and the offender is the defendant, whereas, in a post-conviction case, the superintendent is the defendant and the offender is the petitioner. That is significant, because ORS 138.071(3), in referring to a defendant is referring to the offender, not the state. The statute grants an offender in a criminal case additional time to file a notice of cross-appeal, but does not grant the state additional time to do so. Thus, if the petitioner in a post-conviction case timely filed a notice of appeal, the state could not rely on ORS 138.071(3) as authority to a file notice of cross-appeal within 10 days of expiration of the appeal period.

[2] If both parties to a post-conviction case file a notice of appeal within 30 days of the date of entry of judgment, the appellate court may designate the party who filed the first notice of appeal as the "appellant" and the party who filed the second notice of appeal as the "cross-appellant," but that is a matter of case management and neither addresses the timing of the cross-appeal nor recognizes that ORS 138.071(3) applies.

of a criminal case, the time for filing an appeal is not part of the manner of the appeal. *Felkel* requires the conclusion that ORS 138.071(3), which governs the time to file a notice of cross-appeal in a criminal case, is not part of the "manner" of taking a criminal appeal and does not apply to post-conviction appeals. In a post-conviction action a party must file the notice of appeal or cross-appeal within 30 days of entry of the judgment.[3]

Petitioner filed his notice of cross-appeal 36 days after entry of the judgment in the trial court. We conclude that petitioner's notice of cross-appeal was not timely filed and that the Appellate Commissioner did not err in dismissing it.

Petition for reconsideration allowed; order of dismissal adhered to.

---

[3] Petitioner also argues that the court's enforcement of a filing deadline established by statute and case law violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, because it is fundamentally unfair. As petitioner acknowledges, case law rejects that view. *See Bartz v. State of Oregon,* 314 Or 353, 368, 839 P2d 217 (1992) (statute of limitations provision in Post-Conviction Relief Act not "fundamentally unfair process" and does not violate Due Process Clause); *Miller v. Baldwin,* 176 Or App 500, 32 P3d 234 (2001) (ineffective assistance of counsel in filing late notice of appeal does not excuse late filing).